ACCEPTED
03-14-00169-CR
5555268
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/4/2015 6:25:04 PM
JEFFREY D. KYLE
CLERK

## Nos. 03-14-00169-CR

| | | |
|---|---|---|
| **EX PARTE** | § | **IN THE COURT OF APPEALS** |
| **VS.** | § | **THIRD JUDICIAL DISTRICT** |
| **JOSE EDUARDO TORRES** | § | **TRAVIS COUNTY, TEXAS** |

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/4/2015 6:25:04 PM
JEFFREY D. KYLE
Clerk

## MOTION FOR REHEARING EN BANC

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

### I.  Statement of the Case

On September 10, 2013, Appellant pleaded guilty before the Honorable Bruce Boyer in the 207th District Court to the offense of Delivery of Marihuana for Remuneration, in an Amount Less than 4 Ounces, in a School Zone under Texas Health & Safety Code Section 481.120.   Appellant was sentenced to 4 years of deferred adjudication probation.  As a result of the plea, Appellant was taken into custody by agents of the Federal Government's Department of Immigration and Customs Enforcement (ICE).  On January 3, 2014, Appellant filed an Original Application for a Writ of Habeas Corpus pursuant to Article 11.072 of the Texas Code of Criminal Procedure.  In the Application, Appellant claimed that his plea was involuntary based on the ineffective assistance of his trial counsel, Mr. Kimbel Brown.  Appellant alleged that he was both insufficiently advised and affirmatively

misadvised regarding the immigration consequences of a plea of guilty to the charged offense. Appellant specifically alleged that Mr. Brown failed to advise him that he would be subject to automatic deportation without the possibility of discretionary relief, a result of his plea, telling him only that he would be "deportable" upon a plea of guilty. Appellant further asserted that he was affirmatively misadvised when Mr. Brown then explained that despite being "deportable" that he might not be deported because the amount of marihuana involved was so small, that if he stayed out of trouble ICE may not come looking for him, and that he could obtain relief under the DREAM Act. Appellant contended that Mr. Brown's advisals induced him to plead guilty because they provided him false assurances that he had opportunities to remain in the US despite his conviction. Appellant's contentions were supported by the affidavit of Kimbel Brown, who stated in his affidavit that he never told Appellant that he was subject to automatic removal, lacked any possibility of discretionary relief, and told him that he had opportunities to remain in the US despite his plea of guilty. The State of Texas filed an answer in opposition to the Applicant's writ. On January 27, 2014 the Court held a hearing on the merits of Applicant's writ. The Court denied granting Appellant's request for relief on the basis that the Court felt a trial would only result in a conviction. The trial court issued its order denying relief on March 13, 2014. Appellant filed a timely request for findings of fact and conclusions of

law on March 19, 2014. The trial court then issued its findings of fact and conclusions of law on March 26, 2014.

Mr. Torres timely appealed the denial of his Application for Writ of Habeas Corpus. Volume 1 of Clerk's Record(CR), pgs. 56-57.

This Court issued an opinion on April 29, 2015 affirming the trial court's denial of Appellant's petition for writ of habeas corpus. *Ex Parte Torres,* ___ S.W.3d ___, p. 14, No. 03-14-00169-CR, (Tex. App—Austin, April 29, 2015).

## II. **This Court's Opinion**

This Court held that Appellant failed to prove by a preponderance of the evidence that Appellant, but for his counsel's allegedly deficient advice, would have insisted on a trial rather than plead guilty. (*Slip. Op. 14*). In reaching this conclusion, the Court reasoned that Petitioner's choice to pursue a trial in his cause would not have been rational,

> The habeas court considered the strong evidence of Torres's guilt, the facts that he faced up to two years confinement and a $10,000 fine if convicted and would continue to face deportation if convicted at trial, the lack of evidence of any factual or legal defenses, and the lack of evidence of any other plea deal that would have helped him avoid deportation. These factors support the conclusion that a rational noncitizen defendant would likely not risk a trial since the result would be near-certain conviction with a harsher criminal penalty in addition to the same immigration consequences of pleading guilty.

*Id*. The court reasoned that given these factors, a rational noncitizen would not have risked a harsher punishment after near-certain conviction in addition to deportation.

This Court also held that the trial court would not have erred in finding the deficient advice of Appellant's counsel, Kimbel Brown, harmless. *Id*. In support of this finding the Court noted that Appellant's counsel had advised him that he "may or may not be deported", and thus Torres' decision to plead guilty "was not predicated on his mistaken belief that there was no risk that he would be deported as a consequence." *Id* at 13. The Court also held that Torres failed to present evidence that his immigration attorney had also misadvised him. *Id.* Coupling this with Torres' assertion at his plea hearing that he understood the "possible ramifications" of his plea, this Court determined that such facts supported "the inference that this was not a case in which Torres was uninformed of the immigration consequences of his guilty plea". *Id.*

In holding that a decision by Appellant to pursue trial would not be rational, this Court placed nearly exclusive focus on Petitioner's assumed evidence of guilt and whether or not he could succeed at trial, despite acknowledging that success under Strickland's prejudice prong was not predicated upon demonstrating a favorable outcome at trial. *Id* at 12. In looking exclusively at the evidence against Appellant, this Court ignored the crux of Appellant's claim: that he had more

important reasons to fight his case besides simple guilt and innocence, specifically, his life here in the United States. Had this Court examined the "special circumstances" of Petitioner's case, it is clear that his choice to pursue trial would have been rational.

### III.  Reasons for Rehearing

*Brown's Deficient Performance Was Not Harmless*

In reaching the conclusion that Torres was not uniformed of the possibility of deportation this Court relied on the premise that because Torres' counsel had informed him that he "may or may not" deported, "Torres's decision to plead guilty to the offense was not predicated on his mistaken belief that there was no risk that he would be deported". *Id.* at 13. Such reliance is to ignore Padilla's mandate that a non-citizen defendant be given clear and specific advice regarding the deportation consequences. *Padilla v. Kentucky,* 559 U.S. 356, 369 (2010). By using the fact that Mr. Torres knew there was simply a *risk* he could be deported, this Court would simply revert to the Pre-*Padilla* rule that a general admonition of "you may or may not be deported" is always sufficient to apprise a non-citizen defendant of the consequences of a plea, thereby rendering *Padilla* irrelevant. In suggesting that simply advising a noncitizen defendant who faces certain deportation only that there is a "risk" of deportation, this Court would do the exact opposite of what *Padilla* and it's Texas progeny have held. *See Ex Parte Olvera,*

394 S.W.3d 572, 576, *reversed on retroactivity grounds* (Tex. App—Dallas 2012)(Holding counsel ineffective when he testified that he told Olvera he *could* be deported or denied reentry into this country, not that a guilty plea would result in automatic deportation and denial of reentry); *Ex parte Fassi,* 388 S.W.3d 881, 886 (Tex. App.-Houston[14th] 2012)("counsel is deficient if counsel merely mentions the possibility of deportation when the relevant immigration statutes are presumptively mandatory."); *Ex Parte Ramirez*, 08-11-00073-CR, 2012 WL 3113140 (Tex. App.—El Paso Aug. 1, 2012)(mem. op. not designated for publication) at *7(holding trial counsel's advisal that Appellee "could" be subject to immigration consequences which, in light of the fact that the conviction "would" result in deportation proceedings, was deficient); *Ex Parte Torres*, 08-12-00244-CR(Tex. App.—El Paso Mar. 21, 2014), *Ex Parte Torres*, 08-12-00244-CR, 2014 WL 1168929 at *5 (Tex. App.—El Paso Mar. 21, 2014)(not designated for publication)(holding counsel had a duty to stress that pleading guilty to those crimes and receiving deferred adjudication would absolutely result in Appellant's imminent removal from the United States). In order to clarify and correct this misstatement of law, this Court should revisit this ruling.

Further, this opinion, in unprecedented fashion, would require a defendant to provide evidence of advice given to him by third-party counsel, thus shifting the obligations placed on defense counsel under *Padilla* to another attorney not

representing the defendant in the criminal case. (*Slip. op. 13*). In doing so, this Court completely ignored the undisputed fact that Torres' criminal counsel, stated on the record and in his affidavit, that he had spoken to the same attorney as Petitioner, and after speaking with him, provided his "may or may not be deported" advice. Volume 2 Reporter's Record, page 9; 1 CR 64. Therefore, Petitioner contends that even if he were required to demonstrate the misadvice of third-party counsel, he has done so, by a preponderance of the evidence, by demonstrating that Brown asserted not once but twice, that he gave his faulty advice only after speaking with Torres' immigration counsel. The only logical inference from this fact is that the advice Brown received from Torres' immigration counsel was of the "may or may not be deported" nature. It stands to reason that what was told to Brown, by the immigration attorney, is exactly what Brown explained to Torres.

When attorneys give patently incorrect advice, courts should hold them accountable, instead of allowing the practice to continue unabated, so that further incorrect advice can be given and reckless practices can continue. In failing to address whether Brown provided misadvice, and in failing to hold his error as causing harm to Petitioner, this Court does not hold Brown accountable. Further, the Court's opinion opens the door to defense counsel telling defendants whatever they want regarding immigration consequences, be it correct or incorrect, so long as the defendant also received advice from someone else. It is not unthinkable that

some attorney, concerned more with closing out a case than his client's immigration plight, would tell his client that he only "might" be deported, contrary to another attorney's advice that he "certainly" would be deported, solely to induce a plea. This opinion would suggest that such advice would be harmless. This cannot be the standard this Court seeks to set, and yet, this opinion would leave open that possibility. This Court should reconsider this decision in order to prevent defendants from receiving similarly bad advice.

*Petitioner's Special Circumstances*

In deciding that Appellant's choice to go to trial in the hopes of avoiding deportation would not be rational, this Court's opinion wholly ignored the the evidence that demonstrated he placed particular emphasis on his immigration status, thus presenting a case where "special circumstances" outside the traditional guilt-innocence context could override even overwhelming evidence of guilt. *See Hill v. Lockhart*, 474 U.S. 52, 60 (1985). In doing so, this Court ignored the holding of *Hill* and its progeny which have stated that "special circumstances" may exist outside the context of guilt and innocence which may override concerns about conviction and punishment, as well as ignoring the Texas opinions which have used this same factor as basis for rationally pursuing trial. *See Salazar v. State*, 361 S.W.3d 99, 102 (Tex. App.--Eastland 2011)(Finding "special circumstances where defendant's mother and younger siblings lived in the United States and defendant

had been reared in the United States); *Ex Parte Torres*, 08-12-00244-CR, 2014 WL 1168929, at *6 (Tex. App.--El Paso Mar. 21, 2014), petition for discretionary review granted (Sept. 17, 2014)(Appellant was also an LPR, a native English speaker, and has resided in the United States since he was a small child, all of which weigh in favor of a prejudice finding.); *Ex Parte Ramirez*, 08-11-00073-CR, 2012 WL 3113140 (Tex. App.—El Paso Aug. 1, 2012)(mem. op. not designated for publication)(special circumstances included living in the United States since the age of five, having no ties to Mexico, as well as having all of her family and her children living in the United States); *U.S. v. Kwan* 407 F.3d 1005, 1017 (2005) (citing *Hill,* noting that Kwan's actions indicated he placed particular emphasis on his immigration consequences); *Com. v. Broomfield*, 85 Mass. App. Ct. 1104 (2014)(Case remanded to trial court for consideration of claim that twenty-one year residency in the United States at the time of the plea constitutes "special circumstances," noting that long term legal residency may be a significant consideration to be weighed in connection with all of the factors in a given case).

In its opinion, the Court noted that while a defendant need not demonstrate that he would have succeeded at trial in order succeed in a habeas proceeding, this means little if evidence of guilt and the existence of defenses, are all the Court considers. There must be a counterbalance to the purely guilt-innocence context of the strength of the evidence and possible defenses. This is why the "special

circumstances" component brought forth by *Hill* is so important: it gives this Court something to weigh against the pure legal strength of the case against a defendant when that defendant cares more about removal from his country than about criminal punishment.

In his affidavit, Appellant testified that he had been in the United States since at least the age of eight, that he had eight US citizen or lawful resident brothers and sisters, both his parents lived in the US as permanent residents, and that he had graduated high school and was in the process of being accepted to college. 1 CR 67-68. Further, Appellant attempted to get immigration advice, an attempt which was ultimately rendered moot by Brown's erroneous advice. If an Appellant with this background cannot prove special circumstances that would warrant a rational decision to proceed to trial in the hopes of preserving his life in this country, who can? This Court should reconsider addressing this issue in light of Appellant's compelling circumstances.

## IV.   Conclusion

This Court's opinion rests on two claims: that Appellant's trial counsel's advice was harmless and that Appellant would have been found guilty at trial. However, both of these assertions ignore the clear facts of this case. Appellant's trial counsel openly admitted to giving bad advice. This Court cannot simply ignore the undeniable fact that Brown failed to provide Appellant with the proper

advice that a conviction for the charged offense would result in certain deportation. This Court seeks to rely on a hypothetical assumption that some other counsel possibly gave Petitioner good advice, rather than rely on the known fact that Brown gave him the wrong advice. When solid facts are in place before the Court, they should not be eschewed in favor of hypothetical possibilities. Further, by failing to address Appellant's "special circumstances" regarding his background here in the United States, this Court relied on two intertwined factors to determine a lack of prejudice which dealt exclusively with whether Appellant would be successful at trial. The Court relied on these factors despite an acknowledgement that forcing an appellant to demonstrate a more favorable outcome at trial is never the standard for proving prejudice. In failing to address the merits of Appellant's argument that special circumstances outside of the pleadings would lead a rational non-citizen to pursue trial in order to stave off removal, this Court required Appellant to prove success at trial. This Court should reassess the rationality of Appellant's choice to proceed to trial in light of rearing in this country, and the existence of his entire family here in the United States.

Appellant prays that this Court will grant a rehearing, withdraw its opinion, and issue an opinion reversing the judgment of the trial court.

Respectfully submitted,

Robert A. Jimenez
De Mott, McChesney, Curtright & Armendariz, LLC.
800 Dolorosa Street, Suite 100
San Antonio, Texas 78207
210/354-1844
210/212-2116 - fax


By:     /s/ Robert A. Jimenez

        SBN: 24059125

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of June 2015 a copy of the foregoing "Motion for Rehearing" has been electronically filed with this Court, and will be served to the Comal County District Attorney's Office on June 2nd, 2015.


/s/ ROBERT A. JIMENEZ

## **CERTIFICATE OF COMPLIANCE**

In accordance with Tex. R. App. P. 9.4, I hereby certify that this brief contains 2,083 words, which have been counted by use of the *Word* program with which this brief was written.

/s/ Robert A. Jimenez_____
ROBERT A. JIMENEZ